Tayxor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The Plaintiff, notwithstanding the loan to his brother, had a constructive possessi¿n of the horse when the trespass was committed $ and had a right to the immediate actual possession, if he thought proper to exercise it. This makes the distinction between the cases ; in
 
 Ward
 
 v.
 
 M’Cauley,
 
 it was held that the landlord, who had leased the goods for a certain time, could not maintain an action of trespass against the Sheriff for seizing them, because he had parted with the right of possession during the term, and had only a reversionary interest. But whenever the injury is done while the goods are in the actual possession of a servant, carrier, or other bailee, if the owner have the immediate right of possession, the action may be brought in his name. The same principle applies to real property, for if a stranger does a trespass to a lessee at will, which prejudices the land, the lessor may have trespass against him for damage to the land; for the possession of the lessee is his possession — (Co-
 
 myns “ Trespass B.
 
 1.”) The very case before us is put in the books, to shew that the owner has the right of present possession. So if a man lend his cattle to J. S, to plough his land, and a stranger takes them away, J. S. may maintain trover or trespass against
 
 him
 
 — {Bro.
 
 Trespass
 
 90.”) The case of
 
 Carson
 
 v.
 
 Noblet
 
 was decided on the same distinction, and is directly in point with the one now before us. That was the case of a loan resumable at pleasure, in Which trespass was held to He by the owner, for a taking from the actual posses^ sion of the bailee—(1
 
 Law Rep.
 
 522.) The nonsuit «mat
 
 *304
 
 therefore be set aside, and judgment entered" up on the verdict, in favour of the PiaintiiF.